**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Eko Brands, LLC.<br><br>Plaintiff,<br><br>v.<br><br>Houseware Solutions, LLC, et al.,<br><br>Defendants. | Case No. 2:20-cv-2076-RCJ-BNW<br><br>**Amended**<br>**Order re [16] and [17]** |

Before the Court is Plaintiff Eko Brands, LLC's motion for service by publication and to enlarge the time for service. ECF Nos. 17 and 16. The Court finds that Eko Brands does not meet the requirements for service by publication, but that good cause exists for the requested extension. Therefore, the ECF No. 17 will be denied without prejudice and ECF No. 16 will be granted.

**I.  Background**

Eko Brands accuses defendants Houseware Solutions, LLC, and Paul Wilkie of infringing on patents held by Plaintiff. ECF No. 1.

Plaintiff has been unable to serve Wilkie. ECF Nos. 16 and 17. Legal Wings attempted to serve Wilkie at 10785 W. Twain Ave, Ste. 229, Las Vegas, Nevada 89135 on November 16, 2020, again on November 18, 2020, and a third time on November 19, 2020. ECF No. 16-1 (Hendricks Decl. ¶6). On November 19, the process server was advised by a person present at the address that Wilkie does not work out of that location. *Id*. Plaintiff then ordered a "skip trace" which attempted to locate Wilkie's residence or locations. The skip trace identified two potential alternate suite numbers at the 10785 W. Twain Avenue address and confirmed that Defendant was born in the United Kingdom has never had a known residential address in the United States. ECF No. 16-3. Legal Wings attempted to serve Defendant Wilkie again on December 28, 2020,

December 31, 2020, January 4, 2021, and January 5, 2021 at the alternate suite numbers and was not able to locate Wilkie. *Id.*

Plaintiff filed the underlying motions on February 10, 2021. ECF Nos. 16 and 17.

**II.    Service by publication**

The Constitution does not require any particular means of service of process. *Rio Props., Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002) (citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). Instead, it requires only that service "be reasonably calculated to provide notice and an opportunity to respond." *Id.* To that end, service of process is governed by Rule 4 of the Federal Rules of Civil Procedure.

Rule 4(e) governs service of individuals located within a judicial district of the United States. FED. R. CIV. P. 4(e). It provides that service is proper by serving an individual in accordance with law of the state where the district court is located. FED. R. CIV. P. 4(e)(1). This Court is located in the District of Nevada. The Nevada Rules of Civil Procedure ("NRCP"), in turn, allow for service by publication. NRCP 4.4(c).

A litigant who desires to effect service by publication must meet eight requirements. NRCP 4.4(c).[1] The litigant must (1) establish that "the service methods provided in [NRCP] 4.2,

---

[1] NRCP 4.4 provides:

(c) **Service by Publication.**    If a party demonstrates that the service methods provided in Rules 4.2, 4.3, and 4.4(a) and (b) are impracticable, the court may, upon motion and without notice to the person being served, direct that service be made by publication.
  (1) **Conditions for Publication.**    Service by publication may only be ordered when the defendant:
    (A) cannot, after due diligence, be found;
    (B) by concealment seeks to avoid service of the summons and complaint; or
    (C) is an absent or unknown person in an action involving real or personal property under Rule 4.4(c)(3).
  (2) **Motion Seeking Publication.**    A motion seeking an order for service by publication must:
    (A) through pleadings or other evidence establish that:
      (i) a cause of action exists against the defendant who is to be served; and
      (ii) the defendant is a necessary or proper party to the action;
    (B) provide affidavits, declarations, or other evidence setting forth specific facts demonstrating the efforts that the plaintiff made to locate and serve the defendant;
    (C) provide the proposed language of the summons to be used in the publication, briefly summarizing the claims asserted and the relief sought and including any special statutory requirements;
    (D) suggest one or more newspapers or other periodicals in which the summons should be published that are reasonably calculated to give the defendant actual notice of the proceedings; and
    (E) if publication is sought based on the fact that the defendant cannot be found, provide affidavits, declarations, or other evidence establishing the following information:
      (i) the defendant's last-known address;
      (ii) the dates during which the defendant resided at that location; and

4.3, and 4.4(a) and (b) are impracticable";[2] (2) demonstrate that the defendant cannot, after due diligence, be found, or that the defendant seeks to avoid service of process through concealment; (3) establish through pleadings or other evidence that a cause of action exists against the defendant; (4) demonstrate that the defendant is a necessary or proper party to the action; (5) set forth specific facts demonstrating the efforts plaintiff made to locate and serve the defendant; (6) provide the proposed language of the summons to be used in the publication, briefly summarizing the claims asserted and the relief sought; (7) suggest one or more newspapers in which the summons should be published that are reasonably calculated to give the defendant actual notice; and (8) provide the defendant's last-known address, the dates during which defendant lived at that address, and confirmation that plaintiff is unaware of any other address at which defendant has resided since that time or at which defendant can be found. NRCP 4.4(c).

Here, the Court finds Plaintiff has not made the requisite showing under NRCP 4.4(c)—and, by extension, federal Rule 4(e)(1)—to effect service of process upon Wilkie by publication. Specifically, Plaintiff has not established that the service methods provided in NRCP 4.3 and 4.4(b) are impracticable. Plaintiff indicates there is reason to believe that Wilkie is a resident of the U.K. ECF No. 16-3. Yet, Plaintiff has not demonstrated the impracticability of serving Wilkie in a manner consistent with 4.3(b), which governs service upon an individual outside of the United States. It may be that service under NRCP 4.3(b) is impracticable, but plaintiff has not established so. Further, plaintiff has not explained how service by publication is reasonably calculated to give Wilkie notice and an opportunity to respond, especially given plaintiff's suspicion that Wilkie's "only other potential address is in the United Kingdom, where Paul Wilkie is believed to be living." ECF No. 16 at 4. In this same vein, Plaintiff notes an email address for Wilkie but does

---

(iii) confirmation that the plaintiff is unaware of any other address at which the defendant has resided since that time, or at which the defendant can be found.

[2] NRCP 4.2 tracks federal Rule 4(e)(2) and permits service of an individual by either delivering a copy of the summons and complaint to the individual personally, leaving the copies at the individual's dwelling with a person of suitable age and discretion, or delivering the copies to an agent authorized by appointment or by law to receive service of process. NRCP 4.2(a); Fed. R. Civ. P. 4(e)(2). NRCP 4.3 governs service of individuals located outside Nevada or outside the United States. NRCP 4.4(a) governs service in a manner prescribed by statute. And NRCP 4.4(b) governs service "through any alternative service method."

not indicate whether there was an attempt to use that email address to determine whether service could be effected in that manner. *See Equity Title v. Gazlay*, No. 2:19-cv-00845-GMN-BNW, 2020 WL 1044009, at *2 (D. Nev. Mar. 3, 2020). Given Plaintiff's failure to meet the first requirements of NRCP 4.4(c), the court does not analyze the remaining factors.

**III.     Enlarging the time for service**

Rule 4 provides that plaintiff must serve defendant "within 90 days after the complaint is filed." FED. R. CIV. P. 4(m). Rule 4(m) requires a two-step analysis to determine whether to extend the time for service. *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). At the first step, the Court "must" extend the time for service "upon a showing of good cause." *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009). At the second step, the Court "may" extend the time for service "upon a showing of excusable neglect." *In re Sheehan*, 253 F.3d at 512.

Courts must determine on a case-by-case basis whether the serving party has shown good cause. *Id.* Generally, good cause is equated with diligence, and it requires more than the mere inadvertence of counsel. *Townsel v. Contra Costa Cnty., Cal.*, 820 F.2d 319, 320 (9th Cir. 1987). To determine whether there exists good cause, the Court can analyze whether: (1) the party to be served personally received actual notice of the lawsuit; (2) defendant would suffer no prejudice by the extension; and (3) plaintiff would be severely prejudiced if his complaint were dismissed. *In re Sheehan*, 253 F.3d at 512.

Here, the Court finds that Plaintiff has shown good cause for its requested extension. Plaintiff filed its complaint on November 12, 2020. Since then, the process server diligently attempted service using the information it had available to it. ECF Nos. 16-2 and 16-3. Thus, Plaintiff has been diligent and the Court turns now to the three *Sheehan* factors.

The first *Sheehan* factor weighs against good cause because the record does not evince that Wilkie received actual notice of the lawsuit. However, this lawsuit is still in its infancy and has not advanced beyond the pleading stage. Further, this is Plaintiff's first requested extension. Thus, the Court finds that the second factor weighs in favor of good cause because Wilkie will not be prejudiced by the extension. Plaintiff's motion does not speak to the prejudice it would suffer if the Court declined to enlarge the time for service, although prejudice would certainly

result if Plaintiff cannot hold accountable one of the persons it believes is responsible for the allegations in the complaint. The Court in its discretion finds that Plaintiff's diligence, the lack of prejudice Wilkie would suffer, and the prejudice Plaintiff would suffer constitute good cause for the requested extension.

Because the Court finds that there is good cause at the first step, the Court need not advance to the second step.

**IV.    Conclusion.**

IT IS THEREFORE ORDERED that Plaintiff's motion for service by publication (ECF No. 17) is DENIED without prejudice.

IT IS FURTHER ORDERED that if Plaintiff wishes to file another motion requesting service by alternative means, he must do so by May 28, 2021.

IT IS FURTHER ORDERED that Plaintiff's motion to extend time (ECF No. 16) is GRANTED.  The deadline for service upon Willkie is extended up to and including 90 days following May 5, 2021.

DATED: May 5, 2021.

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE