UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Eko Brands, LLC., <br><br>　　　　　　Plaintiff, <br><br>　　v. <br><br>Houseware Solutions, LLC, et al., <br><br>　　　　　　Defendants. | Case No. 2:20-cv-2076-RCJ-BNW <br><br> **Order re [21]** |

Before the Court is plaintiff Eko Brands, LLC's motion for an order permitting service by email or publication. ECF No. 21. Eko has not shown that service by email is reasonably calculated to give defendant Paul Wilkie notice and an opportunity to respond. However, Eko meets the requirements under federal and Nevada law to effect service by publication. Therefore, the motion will be granted in part and denied in part.

**I.     Background**

Plaintiff Eko Brands ("Eko") accuses defendants Houseware Solutions, LLC, and Paul Wilkie of infringing on patents held by Eko. ECF No. 1. Eko first attempted to serve Wilkie at three different suite numbers at a business address located at 10785 West Twain Avenue, Las Vegas, Nevada 89135 (the "Twain address"). ECF No. 21 at 2. During the third service attempt in November 2020, a person present at suite 229 informed the process server that Wilkie "did not work at that address but was instead a client of the business at that address." ECF No. 17-1 at 2; ECF No. 17-2 at 3. During a January 2021 attempt at suite 102, a person present at the address represented that Wilkie was unknown and could have been a previous occupant. ECF No. 17-2 at 2. So, Eko hired an investigator to perform a "skip trace" to locate information about Wilkie's whereabouts. ECF No. 21 at 3.

The investigator searched through myriad public databases and records and made three key findings. First, the investigator determined that Wilkie "has never had a residential address in the Unite[d] States." ECF No. 17-3 at 2. In fact, the only address that Wilkie has ever used here in the United States is the Twain address, albeit in three different suite numbers. *Id.* Second, Wilkie "appears to be conducting some type of virtual business for [defendant] Houseware Solutions, LLC." *Id.* (emphasis omitted). Third, because there was never "any residence ever established for [Wilkie ] in this country," the investigator concluded that Wilkie "is likely to be a resident of another country." *Id.* at 3. When the investigator called a phone number associated with Wilkie, the outgoing voice message had "what appear[ed] to be a British accent," and the investigator therefore concluded that Wilkie "is likely to be a citizen of the United Kingdom." *Id.*

Eko also identified three email addresses possibly associated with Wilkie. When the Court denied Eko's prior service motion, the Court noted that Eko had not attempted to contact Wilkie via email. ECF No. 20 at 2. Now, Eko represents that in May 2021 it sent emails to all three possible email addresses: the email to mail@housewaresolutions.com bounced back as undeliverable; the email to mailer-daemon@yahoo.com was similarly undeliverable; the third email to wilkpa60@yahoo.com did not bounce back, but it appears that there was no response. ECF No. 21 at 3-4.

On these facts, Eko moves for an order permitting service by email or publication.

**II.   Discussion**

The Constitution does not require any particular means of service of process. *Rio Props., Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002) (citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). Instead, it requires only that service "be reasonably calculated to provide notice and an opportunity to respond." *Id.* To that end, service of process is governed by Rule 4 of the Federal Rules of Civil Procedure.

**A.   Service by email**

Eko seeks to serve Wilkie via email under Nevada or federal law. Eko believes that Wilkie "is located in the United Kingdom." ECF No. 21 at 7. If this is so, then service by email is permitted under the Federal Rules of Civil Procedure. Fed. R. Civ. P. 4(f) (permitting service by

"internationally agreed means of service that is reasonably calculated to give notice" or "by other means not prohibited by international agreement, as the court orders."); *Rio Props., Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1016 (approving service by email under Rule 4(f)(3)). If Wilkie is not located outside the United States, then the only means to accomplish service by email under the Federal Rules of Civil Procedure is by "following state law . . . in the state where the district court is located or where service is made". To that end, Nevada Rule of Civil Procedure ("NRCP") 4.4(b) permits service by "any alternative service method," which the Court believes encompasses service by email. *See Huang v. Carney*, 2020 WL 8881742, at *3 (D. Nev. Jan. 9, 2020).

Here, whether the applicable standard derives from federal or state law, the result is the same: the Court will not authorize service by email. Due process requires that a defendant be given "notice reasonably calculated under the totality of the circumstances to inform him of a pending action and allow him an opportunity to respond and present objections." *Roundtree v. Ultimate Vacation Experience*, 2018 WL 7204220, at *3 (D. Nev. Oct. 24, 2018) (citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). Eko has not met its burden of showing that service by email is reasonably calculated to give notice and an opportunity to respond. As stated, Eko sent emails to three of Wilkie's possible email addresses in May 2021. Two of these emails bounced back. The third email to the wilkpa60 email address, however, did not. Eko argues that the Court should authorize service by email to the wilkpa60 email address because, "on information and belief," the third email "reached the intended recipient." ECF No. 21 at 6.

The Court disagrees. Although the email to the third account did not bounce back, this does not necessarily mean that service through this email is reasonably calculated to give notice and an opportunity to respond. The Court has no idea where the wilkpa60 email address came from. The private investigator represents that "[t]he only email address [he] found for Mr. Paul Wilkie" was paul_wilkie2002@yahoo.com. ECF No. 17-3 at 3. But the record does not indicate the basis for Eko's belief that wilkpa60@yahoo.com belongs to Wilkie.

1	Eko points to no caselaw where a court has authorized service by email under these or
2	similar circumstances. In fact, the caselaw authorizing service by email only illustrates why the
3	Court must deny Eko's request. For example, courts have authorized service by email when a
4	defendant held out an email address "as its real email address and invited members of the public to
5	send it messages to that address." *MOM Enters., Inc. v. Roney Innovations, LLC*, 2020 WL
6	8614207, at *3 (N.D. Cal. Sept. 17, 2020). But here, Eko has not explained how it located the
7	wilkpa60 account, and nor has it convinced the Court that the account belongs to Wilkie.
8	In fact, the case before the Court seems more akin to *Hawkins v. Bank of America, N.A.*,
9	2018 WL 1616941 (S.D. Cal. Apr. 4, 2018). There, the plaintiff similarly sought to effect service
10	by email under Rule 4(f)(3). *Id.* at 4. However, the plaintiff stated that he was not currently
11	communicating with the defendant at the relevant email address. *Id.* Further, the plaintiff's only
12	basis for concluding that the email address belonged to the defendant was that the plaintiff had
13	been copied on an email "sent by another family member to [plaintiff] and [defendant]." *Id.*
14	Plaintiff did not provide supporting documentation regarding the email address he identified as
15	belonging to defendant, "such as a copy of the email that was sent or any response by [defendant]
16	to that email." *Id.* And plaintiff did not otherwise provide evidence that defendant regularly
17	communicated from the relevant email address. *Id.* Therefore, the Court found that there was "far
18	too thin of an evidentiary basis" to conclude that it was appropriate to effect service at the email
19	address that plaintiff identified. *Id.*
20	Here, Eko, like the plaintiff in *Hawkins*, has likewise failed to show that it currently
21	communicates with Wilkie using the relevant email address or that Wilkie regularly communicates
22	from the same. Although Eko does provide a copy of an email that was sent to the wilkpa60
23	address, Eko did not provide a copy of any response by Wilkie. In short, Eko, too, provides far too
24	thin an evidentiary basis to conclude that service by email is appropriate. The request for service
25	by email is therefore denied.
26
27
28

**B. Service by publication**

Eko also seeks to serve Wilkie by publication under NRCP 4.4(b). Eko would like to publish the summons and complaint in Nevada Legal News, which circulates in Southern Nevada, and the Law Society Gazette, which circulates in England and Wales. ECF No. 21 at 9.

The Federal Rules of Civil Procedure allow a party to effect service by following the state law where the district court is located or where service is made. Fed. R. Civ. P. 4(e)(1). This Court sits in Nevada, and Nevada law permits service by publication. NRCP 4.4(c).

A litigant who desires to effect service by publication must meet eight requirements. NRCP 4.4(c).[1] The litigant must (1) establish that "the service methods provided in [NRCP] 4.2, 4.3, and 4.4(a) and (b) are impracticable";[2] (2) demonstrate that the defendant cannot, after due diligence, be found, or that the defendant seeks to avoid service of process through concealment;

---

[1] NRCP 4.4 provides:

(c) **Service by Publication.** If a party demonstrates that the service methods provided in Rules 4.2, 4.3, and 4.4(a) and (b) are impracticable, the court may, upon motion and without notice to the person being served, direct that service be made by publication.
  (1) **Conditions for Publication.** Service by publication may only be ordered when the defendant:
    (A) cannot, after due diligence, be found;
    (B) by concealment seeks to avoid service of the summons and complaint; or
    (C) is an absent or unknown person in an action involving real or personal property under Rule 4.4(c)(3).
  (2) **Motion Seeking Publication.** A motion seeking an order for service by publication must:
    (A) through pleadings or other evidence establish that:
      (i) a cause of action exists against the defendant who is to be served; and
      (ii) the defendant is a necessary or proper party to the action;
    (B) provide affidavits, declarations, or other evidence setting forth specific facts demonstrating the efforts that the plaintiff made to locate and serve the defendant;
    (C) provide the proposed language of the summons to be used in the publication, briefly summarizing the claims asserted and the relief sought and including any special statutory requirements;
    (D) suggest one or more newspapers or other periodicals in which the summons should be published that are reasonably calculated to give the defendant actual notice of the proceedings; and
    (E) if publication is sought based on the fact that the defendant cannot be found, provide affidavits, declarations, or other evidence establishing the following information:
      (i) the defendant's last-known address;
      (ii) the dates during which the defendant resided at that location; and
      (iii) confirmation that the plaintiff is unaware of any other address at which the defendant has resided since that time, or at which the defendant can be found.

[2] NRCP 4.2 tracks federal Rule 4(e)(2) and permits service of an individual by either delivering a copy of the summons and complaint to the individual personally, leaving the copies at the individual's dwelling with a person of suitable age and discretion, or delivering the copies to an agent authorized by appointment or by law to receive service of process. NRCP 4.2(a); Fed. R. Civ. P. 4(e)(2). NRCP 4.3 governs service of individuals located outside Nevada or outside the United States. NRCP 4.4(a) governs service in a manner prescribed by statute. And NRCP 4.4(b) governs service "through any alternative service method."

(3) establish through pleadings or other evidence that a cause of action exists against the defendant; (4) demonstrate that the defendant is a necessary or proper party to the action; (5) set forth specific facts demonstrating the efforts plaintiff made to locate and serve the defendant; (6) provide the proposed language of the summons to be used in the publication, briefly summarizing the claims asserted and the relief sought; (7) suggest one or more newspapers in which the summons should be published that are reasonably calculated to give the defendant actual notice; and (8) provide the defendant's last-known address, the dates during which defendant lived at that address, and confirmation that plaintiff is unaware of any other address at which defendant has resided since that time or at which defendant can be found.  NRCP 4.4(c).

Here, the Court finds that Eko has met the requirements for service by publication here in Southern Nevada.  First, it is clear to the Court that the service methods in NRCP 4.2, 4.3, and 4.4(a) and (b) and impracticable.  NRCP 4.2 permits service upon individuals via personal service, substitute service,[3] or delivering a copy of the summons and complaint to an agent authorized by appointment or law to receive service of process.  Eko is unaware of Wilkie's location or home address, which means that personal or substitute service is impracticable.  Further, it does not appear that Wilkie has appointed an agent to receive service of process, so this method of service is impracticable, too.

Service under NRCP 4.3 governs service outside Nevada (either in a different state, or in a different country altogether), but this method of service is likewise impracticable.  Although Eko asserts that Wilkie was born and may currently be in the U.K., the Court is unwilling to make the same conclusion.  Eko's assertion is based on the skip trace, which plainly states that "the only basis [the investigator] has for believing [] Wilkie is likely to be a citizen of the United Kingdom, is that a phone number found for him . . . has an adult male voicemail recording of what appears to be a British accent." ECF No. 17-3 at 3.  Further, although Eko represents that the skip trace revealed that Wilkie was born in the United Kingdom, the investigator's affidavit does not make

---

[3] "Substitute service" means leaving a copy of the summons and complaint with a persons of suitable age and discretion who currently resides at the defendant's dwelling or usual place of abode. NRCP 4.2(a).

that representation. Accordingly, the fruits of Eko's diligent search do not point toward a location outside Nevada or the United States, and service under NRCP 4.3 is therefore impracticable.

That leaves NRCP 4.4(a) and (b). Under subsection (a), service can be accomplished through any means authorized by statute. NRCP 4.4(a). It does not appear that there exists a statute applicable to the circumstances here, so this method is likewise impracticable. Turning to subsection (b), Nevada permits service through "any alternative service method." NRCP 4.4(b)(1). This language clearly encompasses service by email, which the Court has already said is inconsistent with Rule 4 of the Federal Rules of Civil Procedure. Apart from email, it does not appear that there exists an alternative service method that is reasonably calculated to give Wilkie notice and an opportunity to respond. Thus, service under NRCP 4.4(b) is impracticable, too. In sum, then, the service methods in NRCP 4.2, 4.3, and 4.4(a) and (b) are impracticable, and the first of eight requirements is met.

Turning to the second and fifth requirements, Eko has shown that Wilkie cannot, after due diligence, be found. Eko's service methods are set forth above. They include multiple attempts at several suites at the Twain address over several weeks and at different times of the day. The persons who were present at the Twain address stated that Wilkie was either unknown or that he did not work there. After these unsuccessful attempts, the investigator performed a diligent skip trace using several public databases. The skip trace yielded some helpful information, but nothing that led to information about Wilkie's present location (or that should have prompted Eko to investigate further). Therefore, the Court finds that Eko has satisfied the second and fifth requirements.

The third and fourth requirements are also met. The pleadings in this case show that Eko has a cause of action against Wilkie and defendant Houseware Solutions for patent infringement. ECF No. 1. Wilkie is believed to be an owner and manager of Houseware Solutions, and Eko seeks to enjoin both defendants from making, offering, and selling the allegedly patent-infringing products. ECF No. 21 at 9. This is sufficient for the third and fourth requirements.

For the sixth requirement, the Court notes that the Clerk of Court has already issued a summons for Wilkie at ECF No. 5. The requirements for a summons are set forth in the Federal

1  Rules of Civil Procedure. Fed. R. Civ. P. 4(a).  Therefore, the Court will not require Eko to
2  modify the summons already issued to Wilkie.
3        For the seventh requirement, Eko proposed that service be accomplished through Nevada
4  Legal News.  Nevada Legal News is a newspaper of general circulation printed in Las Vegas,
5  Clark County, Nevada.  *See JMA Architects v. Citation Prop. Grp.*, Case No. A555070, 2008 WL
6  8644360 (Nev. Dist. Ct. Nov. 10, 2008); *see also Bank of New York Mellon v. Wash. & Sandhill*
7  *Homeowners Assoc.*, 2020 WL 1434225, at *2 (D. Nev. Mar. 23, 2020) ("There may be some
8  doubt as to whether Plaintiff's service was improper, given that Plaintiff submitted proper proof
9  of service by publication in Nevada Legal News.").  The Court finds, for three reasons, that
10 service by publication in Southern Nevada is reasonably calculated to reach Wilkie: (1) the
11 Nevada Secretary of State's website reflects that Wilkie is a manager of two Nevada businesses;
12 (2) for these Nevada businesses, Wilkie lists the Twain address as his own; (3) the investigator
13 identified a prepaid cellular telephone number for Wilkie with a (702) area code, and the Court
14 takes judicial notice that this area code covers Las Vegas, Nevada.[4]  These three facts, taken
15 together, do not necessarily or conclusively show that Wilkie resides in Las Vegas, but they do
16 show that he likely conduct business here.  For the Court to authorize service by publication in
17 Southern Nevada, the U.S. Constitution requires only that service be "reasonably calculated" to
18 reach Wilkie, it does not mandate that the Court find with certainty that Wilkie will in fact receive
19 notice. *See United States v. Benson*, 2019 WL 6612246, at * (N.D. Cal. Dec. 5, 2019) ("it is
20 generally recognized that service by publication rarely results in actual notice.").  Here, the Court
21 in its discretion finds that service by publication in Nevada Legal News is reasonably calculated
22 to give Wilkie notice and an opportunity to respond, which means that Eko meets the seventh
23 requirement.
24       Eko meets the final requirement, too.  Wilkie's last-known contact information is set forth
25 in the underlying motion and its exhibits, and in the investigator's skip trace report at ECF No.

---

[4] The Court may take judicial notice of a fact that is not subject to reasonable dispute because it "is generally known within the trial court's territorial jurisdiction." Fed. R. Evid. P. 201(b)(1)

17-3. Further, the Court is satisfied that Eko is unaware of any other address where Wilkie has resided since he was present at the Twain address.

In sum, the Court finds that Eko meets the eight requirements for service by publication under Nevada law, and the motion will be granted. The Court notes that while the Court was considering Eko's motion, the deadline for service expired. ECF No. 19. The Court may sua sponte extend the time for service on the basis of good cause. *Sikking v. Griswold*, 2020 WL 8666385, at *1 (S.D. Cal. Oct. 2, 2020) ("The Court sua sponte extended the time for service"); *Tabi v. McCullough*, 2019 WL 3997062, at *2 (C.D. cal. Aug. 22, 2019) ("The September Order sua sponte extended the original Rule 4(m) service time limit"); *Pardo v. Briley*, 2004 WL 2792919, at *1 (N.D. Ill. Sept. 22, 2004) ("this Court sua sponte extends the time allowed by Rule 4(m)"). Here, the Court will sua sponte extend the time for service because the Court in its discretion finds that there exists good cause.

**III.     Conclusion**

IT IS THEREFORE ORDERED that Plaintiff's motion (ECF No. 21) is GRANTED in part and DENIED in part as stated in this order.

IT IS FURTHER ORDERED that plaintiff must publish the summons and complaint in Nevada Legal News (and not the Law Society Gazzette) at least once a week for a period of four weeks. Service will be deemed complete four weeks from the date of the first publication.

IT IS FURTHER ORDERED that plaintiff must send a copy of the summons and complaint to the email addresses it identified as possibly belonging to Wilkie and by certified mail to the addresses where it attempted service.

IT IS FURTHER ORDERED that the deadline for service upon defendant Wilkie is extended up to and including 45 days following the issuance of this order.

DATED: August 20, 2021

Brenda Weksler
United States Magistrate Judge